UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR. NO.: 05-006T |
| | : | |
| RANLEC JAVIER | : | |
| | : | |

**DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE**

NOW COMES, the defendant, RANLEC JAVIER, by and through counsel, and herwith moves and requests this Honorable Court to depart, downward, from the assigned guideline calculation heretofore recommended and determined in the Pre-Sentence Investigation Report ("The Report"), compiled and filed with this Honorable Court by one Kristen Ann Maittas, on or about the 8th. Day of November, 2004. In support whereof, the defendant states as follows:

The defendant is charged and has plead guilty to one count of illegal re-entry after deportation, in violation of 8 U.S.C. Section 1326 (a) and (b) (2), a Class C felony. That statute, in pertinent part, provides for a maximum term of imprisonment of twenty years with not more than three years supervised release and not more than a Two Hundred Fifty Thousand Dollar ($250,000.00) fine. This defendant has been held without bail since the 27th day of December, 2004. He was arrested on December 10, 2004, and thereupon an ICE (Immigration) detainer was filed upon him. He plead guilty to this one count indictment on September 13, 2004.

The defendant was originally deported from the United States to the Dominican Republic from New York City on March 8, 2002, per order of the Immigraton Judge, to wit the Honorable Patricia Sheppard, then sitting in Boston. The basis of that deportation

and/or removal from the United States, ostensibly was the defendant's earlier pleas on May 31, 2000 to two (2) so-called aggravated felonies, both of which involve controlled substance violations in the Providence County Superior Court.

Upon returning to the United States defendant resided here until his arrest on December 26, 2003 when he was brought before Providence County Superior Court and ultimately plead nolo contendere to a charge of simple assault, resisting arrest and wreckless driving. That plea was entered on November 9, 2004 in Providence County Superior Court on Information number P2/04-0457.

The defendant resided, was born and raised in the Dominican Republic until he was 13 years of age when he came to the United States where his parents worked to support the family, which he himself has described as middle-class. The Report, at 35. The defendant's family members are legal permanent residents of this country. Id. Notably, both of the defendant's parents are school teachers in the City of Providence, and reside together at 36 Waller Street, within the City of Providence. Particularly telling, within the parameters of The Report. The defendant's mother indicates that when they moved to the United States the defendant had befriended two older men who were involved in drug use and this defendant ultimately himself became involved in the use of narcotics causing his mother to notice a change in his behavior. The Report, at 36.

She reports that when her family contacted him in the Dominican Republic subsequent to his removal, he was depressed and his sisters also reported that he was suicidal from being away from his family so long. It is also noteworthy that this defendant is not married, has no children and has essentially no close family presently outside the United States.

The defendant's mental and emotional concerns are of particular note. He has been treated for depression repeatedly both in the United States and outside the United States and further underwent a comptancy evaluation at the Federal Medical Center Devens, as ordered per this Honorable Court. That latter report, as ordered by this Honorable Court found this defendant to be suffering from a major depressive disorder, single episode, cannabis dependancy; alcohol dependence and borderline intellectual functioning, together with anti-social personality disorder and head trauma from a motor vehicle accident. While this report did not in anyway undermine the defendant's compentecy to stand trial or appreciate the nature and severity of the pendent criminal proceedings filed in this court, it does bespeak an ongoing, long-term series of mental, emotional and substance abuse that have been suffered by this defendant.

Further still, in support thereof, this court should note that defendant had had a competency evaluation conducted in 2002, a copy of which had heretofore been provided to this court actually finding him incompentent. The determination of that finding of incompentence, was while contradicted by the evaluators at FMC Devens, who attributed that earlier finding to have been resultant of a language barrier and a lack of familiarity with the U.S. legal system. However, the borderline intellectual functioning and additional finding of minor mental retardation set forth in the Gitlow Report was, actually consitent with the later findings at Fort Devens.

Further, as mentioned in the report, at Paragraph 43 the defendant had an evaluation done at Child and Family Services of Newport County in 1997, as a result of certain juvenile charges being lodged against him that report, likewise, was consistent with the later determinations made upon him subsequent to his emancipaton. The

defendant himself at Paragraph 45 reports substantial use of marijuana and alcohol which had caused him to not only to suffer periods of intoxication but prolong periods of blackout.

The defendant is mindful that at U.S.S.G. Section 5 H 1.3, the guidelines provide, that "mental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted. Mental and emotional conditions may be relevant in determining the conditions of probation or supervised release." While they are not ordinarily relevant, it is the defendant's contention that in the particular given the particular factual circumstances of this case and insofar as the nature of the offense where an individual suffering from both mental and intellectual functioning impairments sought to return to the stability of this family, constitutes the factual predicate of the offense), that such conditions should be taken into account in warranting a departure from the normal guideline calculation.

The instant offense does not constitute in any form or by any stretch of the imagination a crime of violence. It reflects, however, insecure, intellectually impaired and emotionally unstable young man who sought to return to the only form of stability he had ever known, that of his parent's household within the United States. Those parents, moreover, have not in any means or manner supported the defendant within the course of this prior criminal conduct but were nearly providing him refuge as would any normal parents. The court is referred to the correspondence dated October 23, 2005 and signed by both Rosa Rodriguez and Andres Javier, the parents of this defendant. That statement of the parents speaks more forcefully of the necessity for mitigation of punishment otherwise ever be set forth by counsel.

While Section U.S.S.G. Section 5H1.4 provides that while drug or alcohol dependence or abuse is not a reason for a downward departure, as the same being correlated to an increase for propensity for the crime. The defendant would argue, in view of the foregoing, that the drug and alcohol dependence suffered by this defendant, in combination with the apparent intellectual and emotional impairment suffered by this defendant, contributed, in no small means or manner, to this defendant's return to the United States or his penchant for returning to forms of criminality while within the United States.

Lastly, it should be noted, that this defendant has remained in custody since 2003, while in state custody, and an immigration detainer had been earlier lodged against him. That immigration detainer was levied on or about December 10, 2004, prior to his appearance in this court and, he has effectively remained within the custody of the government from that date Counsel would ask the court to provide all reasonable means or manner of credit for the defendant for time held in state custody on or prior to that date.

WHEREFORE, for all the foregoing reasons, the defendant, respectfully requests this Honorable Court to exercise the appropriate discretion and depart downward from the applicable sentencing guidelines referenced in the Pre-Sentencing Investigation Report heretofore prepared by the United States Probation Office of the District of Rhode Island. Further, the defendant prays this Honorable Court to exercise further discretion and fashion an appropriate sentence and/or sentences in such conditions as it deems just, proper under the circumstances herein.

Defendant,
RANLEC JAVIER
By his Attorney,

Damon M. D'Ambrosio, Esq.
R.I. Reg. No.: 3581
160 Plainfield Street
Providence, RI 02909
Tel: (401) 709-4651

**CERTIFICATION**

I hereby certify that on this the 29 day of November, 2005, I served a true and correct copy of the within Objections to the Pre-Sentencing Report upon Zechariah Chafee, Esquire (AUSA) Office of the United States Attorney 50 Fleet Center, Eighth Floor, Providence, RI 02903 and upon Ms. Kristin Ann Mattias, U.S. Probation Officer of the United States Probation Office Two Exchange Terrace, 3rd Floor, Providence, RI 02903 by hand-delivery on the foregoing date.